**SO ORDERED.**

**SIGNED this 22 day of November, 2010.**

_____
**Randy D. Doub**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### RALEIGH DIVISION

**IN RE:**

**HARRELSON UTILITIES, INC.,**                **CHAPTER 11**
                                              **CASE NO. 09-02815-8-RDD**

        **DEBTOR.**

## ORDER APPROVING JOINT MOTION
## TO APPROVE SETTLEMENT AND COMPROMISE

Pending before the Court is the Joint Motion to Approve Settlement and Compromise
filed by First Financial Credit Inc. ("FFCI") and Ferguson Enterprises, Inc. of Virginia
("Ferguson," hereinafter referred to with FFCI as the "Parties") filed on October 1, 2010 (the
"Motion") and the Objection to the Joint Motion To Approve Settlement filed by Harrelson
Utilities, Inc. (the "Debtor") on October 6, 2010 (the "Objection").  The Court conducted a
hearing on November 10, 2010 in Wilson, North Carolina to consider the Motion and the
Objection.

Pursuant to 11 U.S.C. §§ 105, 502, and 541 and Bankruptcy Rule 9019, the Parties
request that the Court enter an order approving the settlement and compromise of certain claims,

as well as, directing disbursement of certain funds.

In addition to the settlement of claims and disbursement of funds, the Parties also have agreed to dismiss the appeal pending before the United States District Court for the Eastern District of North Carolina, Western Division, and captioned as Ferguson Enterprises, Inc. of Virginia v. Harrelson Utilities Inc., Case No. 5:09-cv-00426-FL.[1]  Ferguson shall execute and file with the appropriate Register of Deeds cancellation of its Claim of Lien and Claim of Lien Upon Funds as to certain projects specifically identified in the Motion and the $10,000.00 bond posted by Ferguson with the Clerk of Court shall be cancelled and released.

The Parties further agreed that except as specifically described in the Motion, Ferguson and FFCI fully and completely release each other as to all matters in connection with the funds related to the properties addressed in the Motion.  FFCI shall retain its liens and lien rights to the extent that they are not modified by the terms of the agreement.

Lastly, the Parties request that the Court vacate the Order Determining that the Automatic Stay was Violated, Denying Request for Sanctions, and Dismissing Motions for Relief from the Automatic Stay docketed on July 30, 2009 (the "Lien Order") in the Bankruptcy Court appealed by Ferguson in the Ferguson Enterprises, Inc. of Virginia v. Harrelson Utilities Inc., District Court Case No. 5:09-cv-00426-FL.

The Debtor, though not a party to the settlement agreement between the Parties, objected to the Motion on the basis that (1) the Motion was not properly served on creditors; (2) the Parties have failed to file a notice of motion; and (3) vacatur of the Lien Motion is inappropriate

---

[1] This appeal has been consolidated with the pending appeal in Ferguson Enterprises, Inc. of Virginia v. Mammoth Grading, Inc., Case. No. 5:10-cv-0316-H.  Pursuant to Order Confirming [Chapter 11] Plan, docketed by this Court on April 16, 2010, FFCI assumed the responsibility for the appeal and the Debtor agreed to substitute FFCI as the real party in interest. FFCI obtained the complete authority and discretion to dismiss, settle, and pursue all appeal rights and any funds received were to be credited against FFCI's class 12 claim.

2

in this circumstance as it affects not just the settling parties, but other creditors and parties-in-interest involved in this bankruptcy proceeding.

The request to vacate the Lien Order as part of the proposed settlement appears to be an attempt to nullify a public act of government by way of a settlement agreement.

The Supreme Court considered the appropriateness of vacating an order as a result of a settlement in *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*. 513 U.S. 18 (1994). In *U.S. Bancorp*, the parties reached a settlement while an appeal was pending before the circuit court. *Id.* A creditor requested that the Supreme Court vacate the judgment of the Court of Appeals, arguing that the judgment was moot because of the settlement. *Id.* The Supreme Court stated that:

> [W]hen federal courts contemplate equitable relief, [a holding of a court] must also take account of the public interest. 'Judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur.'

*Id. at 26* (citing *Izumi Seimitsu Kogyo Kabushiki Kaisha v. U.S. Philips Corp.,* 510 U.S. 24 (1993) (STEVENS, J., dissenting). The Court stated that "mootness by reason of settlement does not justify vacatur of a judgment under review" but went on to recognize that in certain circumstances vacatur may be appropriate. *Id*. at 29. In exceptional circumstances and where equity justifies it, vacatur may be appropriate. *Id.* However, "exceptional circumstances do not include the mere fact that the settlement agreement provides for vacatur – which neither diminishes the voluntariness of the abandonment of review nor alters any of the policy considerations" suggested by the Court. *U.S. Bancorp*, 513 U.S. at 29.

Prior to the Supreme Court's decision in *U.S. Bancorp.*, the Tenth Circuit in *Oklahoma Radio Assoc. v. Fed. Depositor Insurance Corp. v. Magnolia Broad. Co., Inc. - as third-party*

*defendant and appellant,* 3 F.3d 1436 (10ᵗʰ Cir. 1993) considered vacatur of a previously entered

opinion of the court as a *condition* of settlement.  In the *Oklahoma Radio* case, the parties reached

a settlement of their disputes and, as part of that settlement, moved to vacate and expunge a prior

opinion of the court. In refusing to vacate its previous opinion, the court stated:

> [t]he furthering of settlement of controversies is important and desirable, but there
> are significant countervailing considerations which [the court] must also weigh.  A
> policy of permitting litigants to use the settlement process as a means of obtaining
> the withdrawal of unfavorable precedents is fraught with the potential for
> abuse…[w]hen the parties' bargain calls for judicial action,…the benefits of
> settlement to the parties are not the only desiderata...[t]he precedent, a public act of
> a public official, is not the parties' property….Moreover, the reasoning in the
> published opinion may be helpful to other courts to the extent that it is persuasive.

*Id.* at 1444 (internal citations and quotations omitted). See also *Mahogany Run Condo.*

*Assoc., Inc. v. ICG Realty Mgmt. Corp.* (*In re Icon Investment Trust No. 1*), 2004 Bankr. LEXIS

183 *10, Case No. 399-00013 (Bankr. D.V.I. 2004) (recognizing that although settlements are

favored and parties are free to sign waivers or releases as they deem appropriate, the parties "are

*not* free to agree to nullify a memorandum opinion and order of the court which set honorable

precedent without appellate judicial review and determination.") (Emphasis in original).

Here, the Parties failed to present any argument or evidence to the Court that it should

vacate the Lien Order based on equity or any exceptional circumstances. Counsel for Ferguson

argued that no harm would be done by vacating the Lien Order in this bankruptcy proceeding, as

a similar order was docketed in Mammoth Grading, Inc., Case No. 09-01286-8-SWH which is

also on appeal.  However, the order docketed July 31, 2009, in Mammoth Grading, Inc.

references the holding in the Harrelson Lien Order. Since the Lien Order and the order entered in

Mammoth Grading, Inc. are so related, vacating the Lien Order might deprive the parties in the

Mammoth Grading, Inc. appeal from having the issues on appeal fully considered to the same

extent as if the Lien Order had not been vacated.

The Lien Order in Harrelson held that the filing by subcontractors of a notice of claim of mechanic's and materialmen's liens on funds due to a debtor who is their contractor, violated the automatic stay of §362(a)(4) and is not excepted under §362(b)(3). This decision has created much consternation in the construction industry in North Carolina, when prior to the entry of the Lien Order in Harrelson, the filing of a notice of claim of mechanic's and materialmen's lien had generally been considered by the North Carolina construction industry to be an exception to the automatic stay pursuant to §362(b)(3). Just because a decision of this court is controversial or causes consternation, does not constitute an exceptional circumstance that would justify vacatur. Therefore, the Court declines to vacate the Lien Order as part of the settlement between the Parties.[2]

Therefore, it further appearing that the Joint Motion for Approval of Compromise and Settlement as described in the Motion and with the subsequent deletion of the vacatur of the Lien Order provision on the record should be granted.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:**

1.  That the Joint Motion to Approve Settlement and Compromise is ALLOWED except to the extent that the Motion seeks vacatur of the Lien Order, which provision has by agreement of the parties been removed from the settlement agreement;

2.  That counsel for Centex Homes is hereby ordered to distribute the $76,411.83 that is held in escrow, pursuant to earlier order of this Court, and all accrued interest on said sum, as follows: $38,205.92, plus 50% of

---

[2] After a brief recess in light of this Court's concern about the vacatur provision in light of higher court precedent, counsel for Ferguson consulted with his client and counsel for FFCI. Counsel for Ferguson informed the Court that his client was willing to move forward with the proposed settlement without the vacatur provision. Counsel for FFCI consented to the proposed modification to the terms of the agreement. Counsel for the Debtor did not object to the deletion of the vacatur provision.

any accrued interest, to Ferguson Enterprises, Inc. of Virginia; and
$38,205.91, plus 50% of any accrued interest, to Financial Federal Credit
Inc.;

3.     That counsel for 1st AB, Inc. is hereby ordered to distribute the
$115,379.24 held in escrow, pursuant to earlier order of this Court, and
all accrued interest on said sum, as follows: $57,689.62, plus 50% of any
accrued interest, to Ferguson Enterprises, Inc. of Virginia; and
$57,689.62, plus 50% of any accrued interest, to Financial Federal Credit
Inc.;

4.     That the Debtor's account receivable in connection with the Schiefflin
Industrial Park project in the amount of $42,736.19 is hereby jointly
assigned to Financial Federal Credit Inc. and Ferguson Enterprises, Inc. of
Virginia, and Peak City Partners, LLC, the owner of the Schiefflin
Industrial Park project, is authorized and directed to pay $21,368.10
directly to Ferguson Enterprises, Inc. of Virginia, plus 50% of any
accrued interest on said $42,736.19 amount, and to pay to Financial
Federal Credit Inc. $21,368.09 plus 50% of any accrued interest on said
$42,736.19 amount;

5.     As and when Ferguson Enterprises, Inc, of Virginia and Financial Federal
Credit Inc. receive funds as set forth in paragraphs 2 through 4 above,
both parties shall notify counsel for the Debtor of the same, and their
respective unsecured claims shall be reduced accordingly;

6.   Ferguson Enterprises, Inc. of Virginia is hereby authorized to cancel the $10,000.00 appeal bond that it has posted with the Clerk of Court, and to have said funds returned by said Clerk of Court to Ferguson Enterprises, Inc. of Virginia;

7.   Subject to Financial Federal Credit Inc. and Ferguson Enterprises, Inc. of Virginia each receiving the amounts set forth in paragraphs 2 through 4 above, Financial Federal Credit Inc. and Ferguson Enterprises, Inc. of Virginia shall be deemed to have mutually released each other of and from any and all claims related to or concerning the Appeal and the Bond Off Amounts;

8.   Except as to the accounts receivable giving rise to the amounts set forth above, with respect to which the parties have settled their differences as hereinabove recognized and approved, the lien of Financial Federal Credit Inc. on the Debtor's assets, including its accounts receivable, shall remain intact;

9.   Except as specifically provided above, the Confirmation Order shall not be deemed modified in any respect and shall otherwise remain controlling; and,

8

10.    The Parties shall dismiss with prejudice the appeal pending before the

United States District Court for the Eastern District of North Carolina,

Western Division and captioned as Ferguson Enterprises, Inc. of Virginia

v. Harrelson Utilities Inc., Case No. 5:09-cv-00426-FL.


**SO ORDERED.**


**END OF DOCUMENT**