**SO ORDERED.**

**SIGNED this 06 day of April, 2012.**

_____
Randy D. Doub
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

HARRELSON UTILITIES, INC.,           CHAPTER 11
                                          CASE NO.  09-02815-8-RDD

      DEBTOR

## ORDER DENYING MOTION TO REOPEN CASE

Pending before the Court is the Motion to Reopen Case for Clarification and Enforcement of Order Approving Settlement and Compromise (the "Motion") filed by Blue Ridge Site Development of NC on January 17, 2012 and the objections to the Motion filed by Harrelson Utilities, Inc. on January 31, 2012; People's United Equipment Finance Corp. (formerly Financial Federal Credit Inc.) on February 3, 2012; and Ferguson Enterprises, Inc. of Virginia on March 5, 2012.[1]  The Court conducted a hearing on March 13, 2012 in Wilson, North Carolina to consider the Motion and the objections.

---

[1] At the hearing on the Motion, Harrelson Utilities Inc. stated it no longer objected to the relief requested by the Blue Ridge Site Development of NC and stated the Court should grant the Motion to avoid inequity.

**BACKGROUND**

**I.    Procedural History**

Harrelson Utilities, Inc. (the "Debtor") filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code on April 4, 2009. On February 23, 2011, the Court entered the Final Decree in the case after finding the plan of reorganization was substantially consummated pursuant to 11 U.S.C. § 1101(2).

Blue Ridge Site Development Corporation of NC ("Blue Ridge") was hired by 1st AB, Inc. to preform construction work on a project called Ashford Village. Blue Ridge subcontracted a portion of the work to the Debtor. Blue Ridge's payments to the Debtor were subject to a claim of lien on funds by Ferguson Enterprises, Inc. of Virginia ("Ferguson") for materials and labor provided to the Debtor.

On October 1, 2010, Ferguson and Financial Federal Credit Inc. ("FFCI") (now People's United Equipment Finance Corp.) filed the Joint Motion to Approve Settlement and Compromise ("Ferguson/FFCI Motion"), which among other things, allowed Ferguson and FFCI to each take a 50% share of a $115,379.34 bond deposited by 1st AB, Inc. to discharge Ferguson's claim of lien on real property on the Ashford Village project.[2] On November 22, 2010, the Court entered the Order Approving Joint Motion to Approve Settlement and Compromise (the "November Order"), which approved the Ferguson/FFCI Motion, subject to certain limitations. However, the November Order allowed Ferguson and FFCI to split the $115,379.34 bond amount.[3]

---

[2] The Ashford Village project was subject to a Claim of Lien on Real Property, 09 M 03667, in Wake County, North Carolina.

[3] The November Order stated: "[C]ounsel for 1st AB, Inc. is hereby ordered to distribute the $115,379.24 held in escrow, pursuant to earlier order of this Court, and all accrued interest on

On August 17, 2011, Ferguson and Peak City Partners, LLC ("Peak City") filed the Joint Motion to Reopen Case for Clarification and Enforcement of Order Approving Settlement and Compromise to address issues related to the settlement of the Schiefflin Industrial Park project, which was also discussed in the November Order. Though the Ferguson and Peak City joint motion did not address payment on the Ashford Village project, Blue Ridge filed a response to it on October 3, 2011. In the response, Blue Ridge asserted the actual amount it owed the Debtor for the Ashford Village project was $90,171.19 instead of the $115,379.24 bond amount deposited by 1st AB, Inc. Blue Ridge also asserted it was entitled to a $3,079.85 material credit for materials returned to Ferguson in July 2009. Subtracting the $3,079.85 material credit from the $90,171.19 actual indebtedness, Blue Ridge claimed the November Order's payment of the $115,379.24 bond amount resulted in a $28,287.90 overpayment to Ferguson and FFCI that should be refunded to Blue Ridge.

On October 14, 2011, prior to the hearing on the Ferguson and Peak City joint motion, the parties withdrew the motion. Based on the withdrawal, the Court neither heard Blue Ridge's October 3, 2011 response nor addressed the issue of the $28,287.90 overpayment.

## II.   Present Motion to Reopen Debtor's Chapter 11 Case

Blue Ridge brought the Motion pursuant to 11 U.S.C. §§ 105, 350, 502, 541, and 1142 and Bankruptcy Rules 5010 and 9019 seeking to clarify and enforce the November Order. Blue Ridge argues § 350(b) allows a case to be reopened to administer assets, accord relief to the debtor, or for other cause. Blue Ridge also argues § 1142 allows the court to "direct the debtor or any other necessary party to execute or deliver . . . any instrument required to effect a transfer of property dealt

---

said sum, as follows: $57,689.62 plus 50% of any accrued interest to Ferguson Enterprises, Inc. of Virginia; and $57,689.62, plus 50% of any accrued interest, to Financial Federal Credit Inc."

3

with by a confirmed plan, and to perform any other act . . . that is necessary for the consummation of the plan." Motion at 1 *In re Harrelson Utilities, Inc.*, No. 09-02815-8-RDD (Bankr. E.D.N.C. Jan. 17, 2012).

In the Motion, Blue Ridge asserts the Ferguson/ FFCI Motion prejudiced Blue Ridge because Ferguson and FFCI did not properly serve the joint motion on Blue Ridge and inaccurate accounts receivable balances were used to calculate the bond off amount. Blue Ridge argues the effect of approving the Ferguson/FFCI Motion resulted in an overpayment of $28,287.90 or $14,143.95 each to Ferguson and FFCI.

Blue Ridge claims the Ferguson/FFCI Motion was not properly served on it because the Debtor's creditor matrix incorrectly listed Blue Ridge's address as P.O. Box 5884, Cary, North Carolina instead of the correct address, P.O. Box 5885, Cary, North Carolina. Blue Ridge states it became aware of Ferguson and Peak City's joint motion and filed a response to it on October 3, 2011. Blue Ridge asserts it raised the issue of improper service as well as the $28,287.90 overpayment in its response to Ferguson and Peak City's joint motion to reopen the Debtor's case. However, because Ferguson and Peak City withdrew the motion before the hearing scheduled for October 19, 2010, the Court did not hear the issue of the $28,287.90 overpayment.

Therefore, Blue Ridge asks the Court to "right a wrong" resulting from the Ferguson/FFCI Motion by reopening the Debtor's Chapter 11 case to clarify the intent and scope of the November Order with regard to the distribution of the bond amount set aside for the Ashford Village project. According to Blue Ridge, this entails enforcing the terms of the November Order using an accurate accounts receivable balance of $87,091.34 ($90,171.19 less the $3,079.85 material credit) and

requiring Ferguson and FFCI to each refund $14,143.95 to Blue Ridge on account of the overpayment.

At the hearing, Ronald Biggers, the President of Blue Ridge, testified he first learned of the Debtor's bankruptcy case in 2009. Mr. Biggers stated he received several notices related to the bankruptcy case in the mail, although he could not explain how the notices were placed in his post office box in light of the incorrect mailing address. Mr. Biggers testified when he received a notice related to the bankruptcy case, he would place the notice in a file and would discuss the bankruptcy case with his attorney from time to time. Mr. Biggers testified he did not contact his attorney regarding every notice he received about the bankruptcy case, but discussed notices he believed to be important with his attorney. Mr. Biggers stated he did not learn of the effect of the November Order disbursing payment of the Ashford Village bond amount to Ferguson and FFCI until he received notice of the Ferguson and Peak City's joint motion in the fall of 2011. Mr. Biggers explained he believed Blue Ridge's response to Ferguson and Peak City's joint motion would address the overpayment resulting from the November Order. Mr. Biggers offered no explanation as to why no action was taken to seek relief from the November Order after Ferguson and Peak City's motion was withdrawn or why the present motion was not filed until January 17, 2012.

In their objections to the Motion, both Ferguson and People's United Equipment Finance Corp. (formerly Financial Federal Credit Inc.) ("People's") both argue the Motion is effectively a motion under Federal Rule of Civil Procedure 60 through application of Federal Rule of Bankruptcy Procedure 9024. The foundation of this argument rests on the contention that the Motion is not seeking clarification or enforcement of the November Order, but rather seeks to set aside the order. Both Ferguson and People's assert the Motion should be denied because it was not timely filed

within the one year statute of limitations for setting aside orders on the basis of mistake, inadvertence, surprise, or excusable neglect provided by Rule 60. Furthermore, Ferguson and People's assert Blue Ridge was aware of the overpayment prior to the August 17, 2011 joint motion and failed to take action to protect its rights prior to the expiration of the one year so required by Rule 60(c)(1).

## DISCUSSION

Blue Ridge filed the Motion pursuant to 11 U.S.C. §§ 350(b) and 1142. Section 350(b) provides a case may be reopened to "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). Reopening a closed case is within the court's discretion. *Hawkins v. Landmark Finance Co. (In re Hawkins)*, 727 F.2d 324, 326 (4th Cir. 1984). The party moving to reopen the case bears the burden of proof. *In re Lee*, 356 B.R. 177, 180 (Bankr. N.D.W.Va. 2006) (citing *In re Cloniger*, 209 B.R. 125, 126 (Bankr. E.D.Ark. 1997)).

The Court finds no sufficient cause exists to reopen the Debtor's case. Blue Ridge asserts it is entitled to relief because it did not receive proper notice of the Ferguson/FFCI Motion and had no knowledge of the November Order as a result of the incorrect address. The Court finds that while Blue Ridge may not have received all notices in the bankruptcy case, it did receive some notices related to the November Order. The President of Blue Ridge testified that despite the address issues he personally received notices concerning the Debtor's case and placed them in a separate file to discuss with his attorney. Furthermore, the Court finds Blue Ridge was aware of the November Order on October 3, 2011, at the latest, when it filed a response to the Ferguson and Peak City joint motion. After learning Ferguson and Peak City withdrew their joint motion, Blue Ridge failed to

take any action until January 17, 2012 when it filed the Motion. Blue Ridge failed to present any evidence why the Court should excuse such a delay.

Additionally, should the Motion be treated as a motion for relief from an order pursuant to Federal Rule of Bankruptcy Procedure 9024, the Court finds the Motion was not timely filed and should be denied. Rule 9024 incorporates Federal Rule of Civil Procedure Rule 60. Rule 60(b) provides a party may be relieved from a final judgment, order, or proceeding based on mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. Pro. 60(b)(1). The party seeking relief under Rule 60(b) must show the motion is timely filed, the movant has a meritorious defense, and the opposing party would not be unfairly prejudiced by granting the proposed relief. *In re Canovali*, Case No. 09-05342-8-RDD, 2011 WL 307374 at *5 (Bankr. E.D.N.C. Jan. 27, 2011) (citing *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987); *Compton v. Alton Steamship Co.*, 608 F.2d 96, 102 (4th Cir. 1979)). To be timely, a motion brought under Rule 60(b)(1) must be made "no more than a year after the entry of the judgment or order." Fed. R. Civ. Pro 60(c)(1).

Blue Ridge seeks relief from the November Order, which was entered on November 22, 2010. The Motion was not filed until January 17, 2012, almost two months after the expiration of the time provided by Rule 60(c)(1). Thus, the Motion was not timely filed. Furthermore, at the time Ferguson and Peak City withdrew their joint motion, Blue Ridge still had more than thirty days before the expiration of the time provided by Rule 60(c)(1) in which to seekApril 5, 2012 relief from the November Order. Blue Ridge took no action until January 17, 2012. Therefore, despite some evidence that Blue Ridge was served notices at an incorrect mailing address, the Court finds no evidence that rises to the level of excusable neglect.

Biggers admitted he looked at some correspondence and pleadings, and others he just placed in a file. Some he forwarded to his attorney and some he did not. There was no evidence Biggers hired his attorney to be attorney of record in the case. For several years, Blue Ridge was guilty of neglect in handling its affairs and communicating with its attorney. Such is not excusable. A party is required to handle its legal affairs in a timely and diligent manner. *See Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 413 (4th Cir. 2010) (finding a party that fails to act with diligence is unable to establish excusable neglect). To set aside the November Order of Comprise and settlement and undo the negotiated settlement agreement some fifteen (15) months later would not be in the interests of justice.

Accordingly, the Motion to Reopen Case for Clarification and Enforcement of Order Approving Settlement and Compromise is **DENIED**.

**SO ORDERED.**

**END OF DOCUMENT**